Good morning, your honors. 210-302, people of the state and their own lawyers, McCoy v. Czajka, on behalf of the Appellant, Mr. Christopher McCoy, on behalf of the plea, Ms. Victoria Joseph. Are both sides ready to proceed? You may proceed with your argument when you're ready. Good morning, your honors. Good morning, counsel. May it please the court, my name is Christopher McCoy and I represent the Appellant, Florey Czajka. Mr. Czajka was convicted of obstructing a peace officer and unlawful use of a weapon for possessing a switchblade knife. These charges arose out of an incident in which Mr. Czajka was at his home, police entered his house searching for his girlfriend, Ms. Deborah Thompson. They found Mr. Czajka in his bathroom taking a shower. The obstructing charge alleged that Mr. Czajka refused to open the door for the police officers and that he refused to tell them where Ms. Thompson was located. In our brief, we raised three issues. First, that the obstructing charge was not proved beyond a reasonable doubt. Second, that alternatively, the obstructing charge should be remained for a new trial because the jury was presented with two alternative bases for finding Mr. Czajka guilty and at least one of those was legally insufficient. Third, we raised the issue of ineffective assistance of counsel due to Mr. Czajka's attorney not arguing the proper grounds for the suppression motion. Turning to the first issue, the state failed to prove the obstruction charge beyond a reasonable doubt. Obstructing requires that a person knowingly obstructs a police officer's authorized act. And the Illinois Supreme Court, RABI, has held that implicit in this word obstructing is the notion of some physical act or an exertion. Thus, basically, there's two components to the crime of obstructing. First, there's a police officer's authorized act. And second, there is the defendant's physical act of obstructing. And both of these are necessary for the crime to be proven. Can not opening a door ever be obstructing a police officer? In and of itself, I would argue no. So even if the police in this instance had yelled, open the door, we know you're in there, we have a warrant, or we have a search warrant, or we have information that a child is being injured inside this house, open the door, and the person refuses to open the door, then that is not obstructing still. No. However, this argument does not need to be decided by this case because here the police did not tell Mr. Czajka that there was a warrant. Your argument is that this act of not doing something, refraining from doing something, is not obstructing. And I just want to take it as far out as we can because the court in Meister, albeit that was obstructing service of process, has a different definition of obstructing. It says that resisting is a physical act. Obstructing connotes a bigger, a larger group of actions. Well, taking your first question, the argument I would present is that obstructing would never occur when the action is just in and of itself not opening a door. In that case, it's simply an inaction. Again, as the Illinois Supreme Court has said in Rabbie, the obstructing only prescribes some physical act of obstructing. And this has been held by this court in cases such as Cope and Hilgenberg. And in those cases, they were, of course, partially mentioned the lack of a warrant. But they also went on to say that simply not opening a door is not enough for the crime of obstructing. In fact, in Hilgenberg, this court held that the defendant's inactions should not be deemed to be an act of physical resistance where it was merely alleged that the defendants refused to open a door. And again, this refusal, this inaction, in fact, the state in its brief calls these refusals inactions does not rise to the level of a physical act and thus is not prescribed by the obstructing statute. Now, Your Honor, you mentioned the case of Meister. Meister, again, was dealing with a different statute. And the facts of that case are also distinguishable. In Meister, the defendant learned that the police were attempting to serve a service of process on his wife. He then calls the police department and talks to a detective and says that there that my wife is living in Florida when, in fact, she was still living at his house in Illinois. So in that case, there was a defendant initiating contact with the police and affirmatively making this misrepresentation that my wife lives in Florida when he knew full well that she lived in Illinois. And the actions in this case are not the same as that. The defendant was standing in his shower when police barged into the bathroom and started bombarding him with questions about where his girlfriend is at. And he doesn't have this affirmative misrepresentation. He's simply saying, I don't know where she is. I think the last place I saw her was in the backyard. So on that point, the charge was an alternative, right? Not opening the door, but also basically lying to the police about the whereabouts of his girlfriend, correct? The charge said that he refused to open the door and then he refused to tell the police where his girlfriend was located. So that conduct, what about that conduct? It's a high standard. What's the standard of review? Couldn't a reasonable juror have concluded that the defendant's conduct in the shower by not disclosing the whereabouts of his girlfriend and police are obviously looking for her? So we can presume that they had a reason to look for her, even though he may not have known about the warrant. Isn't it a reasonable inference that the jury could determine that he probably knew she was hiding in the bathroom? That may be a reason. In the same room where he's showering? Well, Your Honor, I would say as a matter of law that that is not sufficient to constitute obstructing. And again, the defendant did not know about the warrant. He did not know that these even if he knew where his girlfriend was, that she was located in the bathroom. He didn't know that his answers were in any way delaying an authorized act because, again, he did not know that the police were conducting an authorized act. For all he knew, they simply broke into his house and were asking him questions. Moreover, even if he had known about the warrant, the simply refusing to answer questions, again, doesn't rise to the level of a physical act. And that is what's required under obstructing. Cases we cited in our brief, including Weavington, Schwartz, and the Florida case of WWV State. In all those cases, the defendant's refusal to answer police officers' questioning was held not to qualify and not to reach that level of a physical act. So in this case, both of the actions that are charged, both of the refusals, are simply not a physical act. And so the state… Is resisting the same thing as obstructing? Is it exactly the same thing? Your Honor, it's charged. It's obviously part of the same statute. Bradley has…does slightly define the terms differently. But importantly, Bradley says that both obstructing and resisting are…both imply some sort of physical act. And though they may not exactly be the same, there's some sort of physical component that's necessary to prove both resisting or obstructing. What about providing a false ID to the police? Your Honor, I believe that in some cases of held that that would not be obstructing. But that, again, what is charged here is obstructing. And what's necessary is to prove this physical act. And, again, neither of these two refusals can reach that level. Thus, the state's argument really is essentially an attempt to eliminate this physical act requirement from the obstruction statute. And, again, this is not the law as stated by the Illinois Supreme Court in Raffey and as stated by this court in decisions such as Cope and Hilgenberg and Stout, in which this court has repeatedly held that a physical act is necessary for obstructing. Now, the state… It wasn't Cope. I mean, didn't Cope at least couch its holding in terms of the fact that there was no warrant presented? I mean, it's cited Prescott to say that when an officer demands entry but presents no warrant, there's no obstructing. So it leaves open the question if there was a warrant. And, again, I understand your argument that nobody yelled a warrant. But just assuming that there was some reason to believe there was a warrant on the part of your client, isn't the door open, though, to going away from this physical action versus merely argument dichotomy that was criticized in Weister? I would argue that there's not. Your Honor is right that in Cope there is mention of the warrant and the fact that the police officers do not have the warrant. But this court has said in Cope that, quote, refraining from physical action or failing to cooperate with police is generally not considered the same as resisting or obstructing. So in that case, it was partially decided on the warrant, but the court also described the fact that simply not opening a door, not acquiescing to the police officer's request was not enough to reach the level of obstructing and to reach the level of a physical act. This state in its brief has cited the opinion, the Synod opinion. However, that case also should not be read to stand for the proposition that a physical act is not required for obstructing. In Synod, there, again, was a physical act. In that case, the defendant was pulled over for a traffic stop. He then, police officer asked him to get out of the car. He refuses. And then he grabs onto the steering wheel, the defendant, and the police officer has to pull him, physically remove him from the vehicle. Thus, in Synod, there was a physical act. And so it does not stand for the proposition that a physical act is not required. In fact, let's assume for a minute that you're correct and that a physical act did not take place here. That is required and that the defendant should have been found not guilty of resisting. What do you want us to do with the knife? Your Honor, as part of our third argument, we would argue that the defendant received the ineffective assistance of counsel because his attorney did not file the proper – well, the attorney filed a suppression motion arguing that the police officers did not have probable cause to enter his house. However, the police officers had a warrant and there was testimony at the suppression hearing that Ms. Thompson resided at Mr. Shaka's house. So the police did have probable cause to enter. However, the correct grounds and what his attorney was effective for not – or what his attorney was ineffective for not arguing was that the police did not have probable cause to arrest Mr. Shaka for obstructing. And for the reasons I've laid out, because of not knowing about the warrant and as well for not knowing – or excuse me, for not performing a physical act, that this conduct did not constitute obstructing. Even if the police officers did believe that this was obstructing, their mistaken belief does not give them probable cause to arrest. Therefore, the arrest was unlawful. The switchblade knife was the fruit of this unlawful arrest. And therefore, had the suppression motion been filed, this should – the knife should have been suppressed. And we would be asking that this court reverse that conviction as the switchblade knife was obviously the only evidence of the UUW conviction in this case. And so both – both – And the attorney should have known about your claim not knowing about the warrant based upon presumably his testimony at trial was he didn't know about the warrant, correct? Yes, Your Honor. His unrebutted testimony is that he never heard about the warrant. Moreover, the police officers testified as to what they said to him when they were knocking on the door and when they eventually entered their house. And in those cases, from their testimony, they never mentioned anything about the warrant. And so based on this and based on simply knowing the definition of what obstructing is and that these allegations as to inactions did not constitute obstructing, his attorney should have realized that the state did not have grounds to arrest him for this. And thus the switchblade knife should have been suppressed on that basis. And returning for a moment to the physical action requirement, again, without the physical action required, absurd results would follow from the obstructing statute. If a physical act wasn't required, then all that would be needed for obstructing would simply be doing or not doing something that in some way delays the police officers from their duty. Obstructing would occur any time a person, in fact, didn't do all they could as soon as they possibly could to help police officers or to not delay police officers in their performance of an authorized act. And thus the state's argument trying to eliminate this physical act requirement is really creating a slippery slope towards the affirmative duty of helping to – affirmative duty to having to help police officers. However, this is already prohibited in Section 31.8, which is the petty offense of refusing to aid a police officer. Again, if the physical act wasn't required, then every refusal to help a police officer under Section 31.8 would also be obstructing because a physical act would not be required for obstructing. And simply not doing something, not refusing to help the police officers would qualify then as obstructing. Given this, the statutes would overlap, and Section 31.8 would be completely superfluous and completely redundant with Section 31.1, which is, again, the class A misdemeanor conviction of obstructing a peace officer. For these reasons, the physical act is required. And importantly, it's also important to note that this physical action requirement is not going to lead to any increase in violence in police-citizen encounters. If the police – any physical action, hitting a police officer or even simply moving one's body away from a police officer would constitute resisting arrest, and thus it's already deterred, in addition to the aggravated battery charges that could stem from hitting a physically injured police officer. And this case shows that simply the absence of physical action is not going to add anything to the – it's not going to create any violence. And here Mr. Jaca, after refusing to tell the police officers where Ms. Thompson was, was not aggressive and he was otherwise cooperative with the police when he was arrested and charged. And therefore, Mr. Jaca asked that this court, for the reasons in the first argument, reverse his conviction for obstructing a peace officer, and for the reasons in our last argument, reverse his conviction for the UDW. Alternatively, he would ask that this – his obstruction case be remanded for new trial. Thank you. Do you want a chance to reply? Do you wish to argue? Good morning, Your Honors. Victoria Joseph for the people of the state of Illinois. May it please the court. Counsel. The people, as from their brief, disagree that a physical act is actually required for proving a defendant guilty of obstruction of a peace officer beyond a reasonable doubt. This court has – What does the charging document allege? I don't have the exact wording, do I? That the defendant knowingly obstructed the performance of Hofstede and Chief Soller of an authorized act within their official capacity, being the arrest of Deborah Thompson, knowing Hofstede and Soller to be peace officers, engaged in the execution of their official duties, in that he refused to answer the door after Thompson was told to stop by police and enter the residence, and then refused to tell Hofstede and Soller where Thompson was, knowing Thompson to be located behind the shower wall – behind the shower he was in, and gives the address. That is on page 9 of the common law record. And just because they're police officers, do they stand in a greater position than just an ordinary citizen with respect to the person's obligation to answer the door? In this case, the fact that there was an authorized act in the serving of an arrest warrant, that it is the authorized act that is the distinguishing legal significance to being there, as opposed to if – even if they were officers, I believe – I can't remember which case off the top of my head, but it mentioned that if the officers were there to sell magazines or cookies door-to-door for their child and Girl Scouts, that would not be an authorized act. But doesn't the state have to prove beyond a reasonable doubt that the defendant knew they were performing an authorized act in order to find him guilty of obstructing justice? The people assert that the knowingly attaches to the obstruction, as opposed to knowing what the precise authorized act is. In looking at the wording of the statute, there is a person who knowingly resists or obstructs the performance by one known to be a person – known to the person to be a peace officer or correctional institution employee of an authorized act within his capacity. And looking – especially, I think, looking at the jury instructions for obstruction is instructive in finding that the proposition has to be that the people involved were actually peace officers, that the defendant knew that they were peace officers, which relates back to the additional known to be peace officers. And that he knowingly resisted or obstructed the performance of an authorized act. So you're saying he has to knowingly not answer the door? It would be knowingly. And I think Ravy points out that requiring the knowingly obstruct is what prevents any innocent or inadvertent behavior. And I think that addresses what counsel was concerned with, that any single time you don't jump at an officer's request, you're going to be guilty of obstruction. And I think you're looking at the cases on a fact-by-fact basis, where if you have the officer ask you to do something once and you don't do it, within half a second, I believe the courts would not find that to be obstruction. As opposed to you're being asked four times to do something, or for 15 times, or 15 minutes, and you're continually refusing, it gives the jury the reasonable inference to find that that is knowing obstruction versus an inadvertent or innocent conduct. So if the police stand at my door for 30 seconds and then leave, I haven't obstructed when I failed to answer the door. But if they stay there for 15 minutes and persist banging on the door, that becomes obstructing because I've been asked multiple times to open the door? If they're engaged in an authorized act. And how would I know that if I didn't answer the door and ask them why they were there? I mean, how do I know they're not there selling cookies, as you mentioned, or they're there to serve an arrest warrant, or they're returning my dog? Well, I suppose if I saw the dog there, let's assume I didn't see the dog. But how would I know why they're there if I don't answer the door? And it seems pretty clear I don't have an obligation to answer the door for anyone. Unless I know that it's police in the – I know that it's an official act. And even then, I'm not so sure about it. But you see my point? How do we know why they're there if I have no obligation to answer the door? The people still submit the wording of the statute does not require actual knowledge of the precise authorized act, and that the significance is that the police have the right to open the door themselves or insist that the door be opened. The police have a right to investigate crime, correct? Police do door-to-door canvases all the time when there's been a high-profile crime or a serious violent crime. Isn't it the right of private citizens to refuse to answer the door unless the police have a warrant? And I believe the cases have distinguished that simply investigating a crime is not an authorized act that would then allow them to – the refusal to be obstruction. Assuming arguendo, that this court finds that the knowledge attaches to the actual authorized act, the people would maintain that that determination of knowledge should be from the surrounding circumstances and the totality of the facts rather than the actual announcement by the police officer of this is the act in which we are engaged. You would agree that the record contains nothing to show that the police officers say why they were there? No, Your Honor. The officers said that they were yelling into the house and that they told the defendant – I believe they announced that they were police and that the defendant needed to come to the door. And I believe counsel also cited to a direct quotation from one of the officers. The rest of them just said we were yelling and banging. It did not specify what precisely – other than saying we announced our presence, it did not explicitly state that they had a warrant, no, Your Honor. In other words, there was no evidence that he knew there were arrest warrants outstanding for his girlfriend, correct? And the defendant testified he did not know there were arrest warrants for his girlfriend. And that went to when they were in the bathroom before – when they asked him for where his girlfriend was, same thing. There's no evidence that they said we're here because she has a warrant and we need to arrest her. As far as I recall from the record, they only asked her where she was. And you would agree that the knock-and-announce rule has two parts to it, announcing presence and purpose? I mean, you don't just say police, open up, and then knock the door down. I mean, that would be a violation of the knock-and-announce rule unless you said police, we have a warrant, and then knock the door down, right? That is correct, Your Honor. As far as how this relates to the ineffective assistance of counsel claim, assuming – or regardless of what is determined as to whether the defendant was proven guilty beyond a reasonable doubt of obstruction, the people assert that it would not be ineffective assistance of counsel as where a probable cause standard of the police is much lower than beyond a reasonable doubt. Again, the people assert that the police would not have to know whether the defendant knew, and as the record is bare from what was stated, the people assert that the police still had probable cause to believe that he was obstructing their service of the warrant, as there is no actual physical act required. So you're arguing the prejudice claim as opposed to the – as there was an authorized act in this case. And that's the distinguishing factor going back to Evenkope and Hilgenberg, is that there was an authorized act, and as Synod and this court has continued to hold in Ostrowski, the people assert that it would not be ineffective assistance of counsel as where a probable cause standard of the police is much lower than beyond a reasonable doubt of obstruction. The physical act versus inaction is not this positive factor in determining obstruction. When they asked the question, where's your girlfriend, he answered, I don't know. He answered, I don't know, and I believe he said that she might be in the backyard. And that's, in fact, where she was. That's where – that's not where she was at that time. That's where she had been. She was hiding in the shower, same – She was hiding in the space between the shower and the washer and dryer, which was presumably a few feet from where the defendant was found. Are there any more questions? Thank you, Your Honor. Do you wish to offer reply? As to the State's argument that knowing just attaches to the knowledge of obstruction and not to the knowledge of an authorized act, this cannot be how the statute is meant to be interpreted. Otherwise, no one could refuse to let a police officer into their house or refuse to open a door to the police officer. Or else they would be in danger of facing an obstruction charge because they would know that they're delaying the police officer, but they would not have knowledge of whether or not it's an authorized act. And, in fact, this court in Cope has held that a person who passively invokes his Fourth Amendment right to refuse a warrantless entry cannot be found guilty of obstructing. And, in fact, if the State's interpretation is correct, then this would really eviscerate the concept of a consensual encounter. Because in that case, no person would have the ability to walk away from a police officer because it's possible that they're doing an authorized act. And if it doesn't matter what I know, then the defendant's really at the mercy of facts that they are not sure of and they cannot know. And thus, knowing must apply not just to knowing that somehow you're obstructing or delaying the police officer, but also knowing that you're obstructing an authorized act. And that's the key. Isn't it circumstantially a fair inference from the facts when the police are now in the bathroom where he's taking a shower and they're asking him where is his girlfriend? Isn't it a reasonable inference for any person, any private citizen, to draw from that that the police are looking to arrest the girlfriend? No, Your Honor, because the police officers could have simply broken into the house. Perhaps that's unlikely, but they don't know what is going on and thus there is no actual knowledge of what's happening. Maybe it's a possibility, but actual knowledge was not here as the police never said anything about the warrant. And in fact, that's not why the police even originally came to Mr. Jacque's house on that day. They came to investigate an incident with his son and had nothing to do with the girlfriend or with any warrants. It would be just as reasonable to believe that police had just broken into his house to ask him about this incident which had occurred earlier that day and had no Fourth Amendment justification for doing so. Can you respond to the state's argument that under the facts presented here, the totality of the facts, that the police had probable cause to arrest the defendant for obstructing a peace officer even in light of the fact that they did not announce their purpose? Well, Your Honor, first, because they did not announce, he did not know. Thus, what is charged cannot be obstructed, but it also can't be obstructed because there is no physical act. Since what he did are basically two inactions cannot be obstructing, then this conduct cannot constitute a crime. It's not an offense. And as the cases we've cited in our brief show, if probable cause doesn't amount to a crime or if a defendant's actions do not amount to a crime, then there's no probable cause. And this is true even if a police officer mistakenly believes that conduct can – that conduct does constitute a crime when it does not. And this court has held as much in the recent decision cited in our reply brief of People v. Hayward. And therefore, probable cause is a different standard than reasonable doubt. But in this case, we're dealing with the same question, whether or not this conduct could constitute a crime. Since it could not constitute a crime, the police did not have probable cause, and thus there was merit to the suppression motion and it would have been granted. Again, Mr. Jocka would ask that this court reverse its convictions for obstructing and for the unlawful use of a weapon or alternatively remain the obstructing charge for the trial. Thank you.